| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

United States District Court
Southern District of Texas
**ENTERED**
August 04, 2016
David J. Bradley, Clerk

Shalondra Diggs, §
  §
  Plaintiff, §
  §
versus §  Civil Action H-15-3212
  §
Renal Care Group, Inc., §
  §
  Defendant. §

# Opinion on Judgment

1. *Introduction.*

   A former employee sues a medical group for racial discrimination and retaliation. She will take nothing.

2. *Background.*

   Shalondra Diggs worked for Renal Care Group, Inc., as a social worker at its Fort Bend dialysis clinic. Susan Wang was her supervisor. On certain days, Diggs also worked at the West Houston clinic and was supervised by Dung Nguyen.

3. *According to Care.*

   Care says that Diggs behaved unprofessionally and insubordinately in 2013. In September, Wang told Diggs to answer a call on hold. Diggs pretended that she had not heard the instruction and then refused to take the work-related call. Care gave Diggs a written warning.

   In October, employees complained that they sometimes could not find Diggs and did not know which clinic she was working at on which day. Wang's supervisor, Marilyn Orda, told Diggs to make a calendar showing the hours and dates she planned to spend at each clinic. Diggs did not make a calendar for October. She also did not make one for November until another supervisor told her again to make it.

In December, Wang rejected Diggs's expense report because the number of miles she claimed she had traveled between clinics was unreasonable. Wang said that Diggs confronted her in her office, shouted, called her a liar, and blocked the exit to the office.

Care suspended Diggs. Diggs complained to human resources that the warnings and suspension were motivated by racial animus. Fred Riedlinger investigated Diggs's complaint, including the two people she said had also behaved inappropriately but had not been fired. Riedlinger concluded that her claims of racial discrimination could not be substantiated and that she should be fired because of her recent behavior.

On January 7, 2014, Care fired Diggs.

4.   *Complaints.*

On January 9, 2014, Diggs filed a complaint with the Texas Workforce Commission saying that Care racially discriminated and retaliated. Diggs says that on October 28, 2014, she received a right to sue letter from the Commission, giving her sixty days to sue.

On December 29, 2014, Diggs filed her complaint in Texas court, alleging violations of Texas labor laws. Diggs amended that complaint four times, adding federal claims of discrimination and retaliation in her fourth amendment

5.   *Limitations.*

Diggs says that Care discriminated and retaliated against in her violation of Texas labor law and federal civil rights laws. She says that she received a right to sue letter "on or about October 28, 2014."[1]

Once Diggs received notice of her right to sue, she had to file within sixty days.[2] To be timely, she must have sued by December 27, 2014. She did not sue until December 29, 2014 – two days late.

Diggs will take nothing because she sued after the statutorily-defined deadline.

---

[1] Notice of Removal, Document 1-3, page 6.

[2] Tex. Labor Code § 21.254.

6.  *Disparate Pay.*

Diggs says that she was paid less than other social workers because she is African-American. She identifies one hispanic social worker who, she thinks, was paid more than she was.

Care has shown that when Diggs worked there, it employed sixteen social workers in Houston, from an array of racial groups. Care paid nine of them less than it paid Diggs; it paid six of them more. Both the group making less than Diggs and the group making more were comprised of people from different racial backgrounds. One of the employees who made more than Diggs was also an African-American.

7.  *Discrimination.*

Care warned, suspended, and eventually fired Diggs. Diggs disagrees with their reasons for those actions but does not describe facts to support her claim that they were motivated by her race. Diggs describes ways in which she feels she was treated unfairly and then conclusorily states that Care discriminated.

Even if Diggs had stated a *prima facie* case for discrimination, Care has shown that her suspension and firing were supported by non-discriminatory reasons that were not a pretext. Care says that Diggs behaved insubordinately, refused instructions, lied to get extra money, and reacted aggressively to reprimands. Care's belief that she behaved unaccetably was not founded in racial animus. Multiple employees corroborated the events supporting its belief. No reasonable jury could find that race motivated Care's decision to fire Diggs.

After she was suspended, Diggs complained about racial discrimination for the first time. Her complaint was investigated by a human resources employee. He concluded that the allegations of discrimination were baseless and that Diggs's behavior warranted termination. Diggs cannot protect herself from imminent discipline by claiming that she was discriminated against. No reasonable jury could find that Care retaliated against her for complaining about race discrimination.

8.  *Conclusion.*

Diggs's claims are barred because she brought them after the statutorily-defined deadline to sue.

Even if they were not barred, Care fired Diggs because it thought she had been disrespectful, lied, tried to steal, and threatened her supervisor. No reasonable jury could conclude that she was fired because of her race or complaints she had made about discrimination.

Signed on August 4, 2016, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge